**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 14-cv-02850-REB-KLM

ROCKY MOUNTAIN GUN OWNERS, a Colorado non-profit corporation, and
COLORADO CAMPAIGN FOR LIFE, a Colorado non-profit corporation,

Plaintiffs,

v.

WAYNE W. WILLIAMS, in his official capacity as Secretary for the State of Colorado, and
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, a Delaware non-profit corporation, trading as Colorado Ethics Watch,

Defendants.

---

**ORDER GRANTING MOTION TO DISMISS AND
DENYING MOTION TO DEFER MOTION TO DISMISS**

---

Blackburn, J.

This matter is before me on the following: (1) the **Secretary of State's Opposed Rule 12(b)(1) Motion to Dismiss on *Younger* Abstention Grounds** [#40][1], filed December 22, 2014; and (2) the **Plaintiffs' Motion to Defer Considering Defendant's Rule 12(b)(1) Motion to Dismiss To Permit Adequate Discovery Regarding Subject Matter Jurisdiction** [#47] filed January 15, 2015.  The plaintiffs, Rocky Mountain Gun Owners and Colorado Campaign for Life filed a response [#46] to the motion to dismiss, and the Colorado Secretary of State filed a reply [#52].  Co-defendant Citizens for Responsibility and Ethics in Washington supports the motion to dismiss.  Addressing the motion to defer [#48], defendant Citizens for Responsibility and Ethics in Washington and the Colorado Secretary of State filed responses [#53 & #54].  The

---

[1]   "[#40]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

plaintiffs filed a reply [#55].  I grant the motion to dismiss, and I deny the motion to defer consideration of the motion to dismiss.

## II. JURISDICTION

I have jurisdiction under 28 U.S.C. § 1331 (federal question).

## II. STANDARD OF REVIEW

The motion to dismiss raises issues under Fed. R. Civ. P. 12(b)(1).  A motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) may consist of either a facial or a factual attack on the complaint.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

Here, the Colorado Secretary of State presents a factual attack.   When reviewing a factual attack on subject matter jurisdiction, I may not presume the truthfulness of the complaint's factual allegations.  *Id*. at 1003.  Further, I may consider affidavits and other documents to resolve disputed jurisdictional facts, without converting the motion to dismiss to a motion for summary judgment.  *Id*.  The plaintiff bears the burden of establishing that subject matter jurisdiction exists.  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994).

## III. BACKGROUND

This case concerns constitutional claims against defendant Citizens for Responsibility and Ethics in Washington trading as Colorado Ethics Watch (CEW). CEW commenced an action against the plaintiffs by filing a written complaint with the Colorado Secretary of State's office under Article XXVIII, Section 9(2)(a) of Colorado's Constitution.  *Colo. Const.* art. XXVIII, § 9.  In that complaint, CEW alleged that the plaintiffs failed to comply with the disclosure and reporting requirements of Colorado campaign finance law.  In reaction to the complaint, then Colorado Secretary of State,

Scott Gessler, referred the complaint to an administrative law judge.  Such a referral is

required by **Colo. Const.** art. XXVIII, § 9(2)(a).  Mr. Gessler elected to join CEW in the

action against the plaintiffs.  Wayne W. Williams has since replaced Scott Gessler as

Colorado Secretary of State.[2]

On December 23, 2014, the administrative law judge resolved the issues raised

in the complaint.  *Final Agency Decision* [#52-1].  The administrative law judge found

that the plaintiffs "made reportable electioneering communications, but failed to file the

required reports."  *Id.*, p. 9.  The administrative law judge imposed a civil penalty

requiring each respondent to pay 8,450.00 dollars and required them to file the required

report.  *Id.*

The motion to dismiss of Mr. Williams [#40] concerns the constitutional claims

asserted by the plaintiffs.  In this case, the plaintiffs claim the complaint filed with the

Colorado Secretary of State and the related proceedings violate the rights of the

plaintiffs under the Constitution of the United States.  Mr. Williams argues that the court

should abstain from exercising jurisdiction over this case under the abstention doctrine

established in **Younger v. Harris**, 401 U.S. 37 (1971) and its progeny.  I agree.

## IV. *YOUNGER* ABSTENTION

"(F)ederal courts have a virtually unflagging obligation to exercise their

jurisdiction except in those extraordinary circumstances where the order to the parties to

repair to the State court would clearly serve an important countervailing interest."

**Deakins v. Monaghan**, 484 U.S. 193, 203 (1988) (internal quotations omitted).  "(E)ven

in the presence of parallel state proceedings, abstention from the exercise of federal

---

[2]   Scott Gessler was the Colorado Secretary of State when this case was filed.  On January 13, 2015, Wayne W. Williams was inaugurated as Colorado Secretary of State. The claims of the plaintiffs are asserted against the Secretary of State in his official capacity.  Under  Fed. R. Civ. P. 25(d), Wayne W. Williams was substituted automatically as a defendant in this action in place of Secretary Gessler.

jurisdiction is the exception not the rule." ***Sprint Communications v. Jacobs***, ___

U.S.___, ___ 134 S.Ct. 584, 593 (2013).

In ***Sprint***, the Supreme Court of the United States summarized the three types of

proceedings in which a federal court should refuse to decide a case in deference to a

parallel state proceeding.  First, federal courts abstain from intruding into ongoing state

criminal prosecutions.  ***Id***. at ___, 134 S.Ct. at 591.  Second, certain state civil

enforcement proceedings warrant federal court abstention.  ***Id***.  Specifically, civil

enforcement proceedings with a "quasi-criminal" criminal nature warrant federal court

abstention.  ***Id.*** at ___, 134 S.Ct. at 593.  Third, abstention is warranted when federal

court action would interfere with pending state civil proceedings involving orders

uniquely in furtherance of the ability of state courts to perform their judicial functions.  ***Id***.

at ___, 134 S.Ct. at 591.

The ***Sprint*** Court addressed the second category, civil enforcement proceedings.

That category is the only category with potential application in this case.  Such

enforcement actions are "characteristically initiated to sanction the federal plaintiff, *i.e.*

the party challenging the state action, for some wrongful act." ***Id***. at ___, 134 S.Ct. at

592. Citing examples of such state civil enforcement proceedings which the Court has

found to be subject to ***Younger*** abstention, the Court noted cases involving attorney

discipline proceedings for violation of state ethics rules, state-initiated administrative

proceedings to enforce civil rights laws, a state-initiated proceeding to gain custody of

children allegedly abused by their parents, a civil proceeding to recover welfare

payments allegedly obtained by fraud, and a state initiated proceeding to enforce

obscenity laws. ***Id***. (citing cases).  The Court reasoned that such administrative

proceedings are generally invoked to impose a state sanction for a wrongful act, often

are initiated by a state authority, and, at least in those respects, are "akin to a criminal prosecution." *Id*. at ___, 134 S.Ct. 592 - 593 (internal quotation and citation omitted).[3]

The decision of the Court in ***Ohio Civil Rights Commission v Dayton Christian Schools***, an example of proper ***Younger*** abstention cited in ***Sprint***, is informative.  477 U.S. 619 (1986).  In ***Dayton Christian Schools***, Linda Hoskinson, a teacher employed by Dayton Christian Schools, told her principal that she was pregnant.  The principal told Ms. Hoskinson that her contract would not be renewed at the end of the school year because the school adhered to the religious doctrine that mothers should stay home with their preschool age children.  Ms. Hoskinson contacted an attorney who threatened litigation against the school based on state and federal sex discrimination laws.  The superintendent of Dayton Christian told Ms. Hoskinson that she was suspended immediately because, by threatening litigation, she challenged the nonrenewal decision in a manner inconsistent with the internal dispute resolution policy of the school, which also had a basis in religious doctrine.  Ultimately, the employment of Ms. Hoskinson was terminated because of her violation of the school's dispute resolution policy.  *Id*. at 623.

Ms. Hoskinson filed a complaint with the Ohio Civil Rights Commission, alleging that the initial nonrenewal decision constituted sex discrimination under Ohio and federal law and the termination decision penalized her for asserting her rights concerning sex discrimination in employment.  The commission notified Dayton Christian that the commission was conducting an investigation.  Ultimately, the

---

[3] In *Sprint*, the Court held *Younger* abstention was not applicable to the administrative proceeding at issue there because the state proceeding in question was invoked primarily to settle a civil dispute between private parties and not to sanction Sprint for commission of a wrongful act. *Sprint*, ___ U.S. at ___, 134 S.Ct. at 592 - 593. Further, the court noted that the administrative proceeding was not initiated by the state in its sovereign capacity and did not involve a state investigation of the activities of Sprint. *Id*. ___ U.S. at ___, 134 S.Ct. at 592.

commission determined there was probable cause to believe Dayton Christian had discriminated against Ms. Hoskinson based on her sex and had retaliated against her for attempting to assert her rights.  The commission initiated administrative proceedings against Dayton Christian by filing a complaint.

Dayton Christian answered the administrative complaint and asserted that the First Amendment prevented the commission from exercising jurisdiction over Dayton Christian because the actions of the school had been taken based on its sincerely held religious beliefs.  While the administrative proceedings were pending, Dayton Christian filed suit in federal court and sought a permanent injunction against the state administrative proceedings.  Dayton Christian claimed that any administrative investigation of its hiring process and any administrative imposition of sanctions for the nonrenewal or termination decisions would violate the religious clauses of the First Amendment.  *Id*. at 624 - 625.

The Supreme Court held that "the District Court should have abstained from adjudicating this case under *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and later cases."  *Dayton Christian Schools*, 477 U.S. at 625.  The Court noted the application of *Younger* to state administrative proceedings in which important state interests are vindicated "so long as in the course of those proceedings the federal plaintiff would have a full and fair opportunity to litigate his constitutional claim."  *Id*. at 627.  Further, the court found that the state interest in eliminating prohibited sex discrimination is sufficiently important to bring the case within the ambit of *Younger*.  *Id*. at 628.  In addition, the court found that the state proceedings provided an adequate opportunity for Dayton Christian to raise its constitutional claims.  *Id*.  On this point, the court concluded that even if Dayton Christian could not raise its constitutional claims in

6

the administrative proceedings, "it is sufficient . . . that constitutional claims may be raised in state-court judicial review of the administrative proceeding." *Id*. at 629.

Whether state administrative proceedings are judicial in nature is another factor noted by the *Dayton Christian Schools* Court. *Id*. at 627. If state law indicates that state administrative proceedings are not judicial in nature, then "abstention may not be appropriate." *Id*. at 627, n. 2. However, when an administrative proceeding leads to a judicial proceeding on the same issue, the proceedings as a whole generally are seen to be judicial in nature. *See, e.g., Sprint*, ___ U.S. at ___, 134 S.Ct. at 592 (assuming without deciding that an administrative adjudication followed by state court review is a unitary process for purposes of *Younger*.).

Dayton Christian argued that the mere exercise of jurisdiction over it by the state administrative body violated its First Amendment rights. In response, the Court noted that "we have repeatedly rejected the argument that a constitutional attack on state procedures themselves automatically vitiates the adequacy of those procedures for purposes of the *Younger - Huffman* line of cases." *Dayton Christian Schools*, 477 U.S. at 628 (internal quotation and citation omitted).

In sum, *Younger* abstention is proper when (1) there is a parallel state proceeding of a judicial nature; (2) the proceeding concerns the vindication of important state interests; and (3) in the course of that proceeding, the parties will have a full and fair opportunity to litigate any claim they may have under the Constitution of the United States. Applying these requirements, the present case is strikingly similar to *Dayton Christian Schools*. First, in both *Dayton Christian Schools* and the present case, a private entity filed a complaint which triggered an enforcement action by a state official. Here, CEW filed a complaint, similar to a *qui tam* complaint, with the Colorado Secretary

7

of State.  As in *Dayton Christian Schools*, the complaint triggered a state official to engage the enforcement mechanisms provided in state law.  Here, the Colorado enforcement proceedings began with a judicial proceeding before an administrative law judge.  After a ruling by the administrative law judge, a party may appeal to the Colorado Court of Appeals.  Thus, I conclude that the parties to this case are involved in a parallel state proceeding of a judicial nature.

Second, as in *Dayton Christian Schools*, the enforcement proceeding pursued by the Secretary of State concerns enforcement of state law, here Colorado election law.  As in *Dayton Christian Schools*, enforcement of state law is an important state interest.  The plaintiffs argue that federal interference in this case would not disturb the comity that federalism requires. *Response* [#46], p. 13. The plaintiffs assert that proceedings on state campaign finance laws are not "vital" or "important" enough to warrant *Younger* abstention.  On the contrary, the states have a legitimate interest in preserving the integrity of their electoral processes.  "States have a legitimate interest in preserving the integrity of their electoral processes. Just as a State may take steps to ensure that its governing political institutions and officials properly discharge public responsibilities and maintain public trust and confidence, a State has a legitimate interest in upholding the integrity of the electoral process itself." *Brown v. Hartlage*, 456 U.S. 45, 52 (1982).  The plaintiffs contend also that the state proceeding in question here does not involve enforcing state court judgments, operating a state's juridical system, education, family relations, property law, public health, and corporate law. *Response* [#46], pp. 13-14.  State proceedings addressing these specific issues are not required for *Younger* abstention to be applicable.  Accordingly, I conclude that, for

8

purposes of *Younger* abstention, the state proceeding at issue here involves an important state interest.

As in ***Dayton Christian Schools***, the parties to the state proceeding will have a full and fair opportunity to litigate their claims under the Constitution of the United States in the state proceeding.  The plaintiffs note they may not raise their facial federal constitutional challenge to the Colorado constitutional and statutory provisions in proceedings before the Colorado administrative law judge.  The administrative law judge found he did not have jurisdiction to address a facial challenge. *Final Agency Decision* [#52-1], pp. 6.   However, he found he had jurisdiction to address the contention of the plaintiffs that the Colorado law in question is unconstitutional as applied. *Id.*  The administrative law judge concluded that the Colorado law in question is not unconstitutional as applied.  *Id.*, p. 8.  It is undisputed that the plaintiffs may appeal the sanction imposed by the administrative law judge and, on appeal, may raise any constitutional claim, including facial and as applied challenges, in an appeal to the Colorado Court of Appeals.  Therefore, I conclude that, for purposes of *Younger* abstention, this is an adequate opportunity for the plaintiffs to raise their federal constitutional claims in the state proceedings. ***Dayton Christian Schools***, 477 U.S. at 629.

## V. MOTION TO DEFER CONSIDERATION OF MOTION TO DISMISS

In their motion to defer [#48], the plaintiffs ask the court to defer consideration of the motion to dismiss to permit them to conduct jurisdictional discovery relevant to the motion to dismiss.  The plaintiffs rely on the exception to *Younger* abstention that allows a federal court to enjoin a pending state prosecution if that prosecution is brought

in bad faith or to harass. ***Phelps v. Hamilton***, 59 F.3d 1058, 1064-65 (10th Cir. 1995).

Three factors are relevant in determining whether a state proceeding was commenced

in bad faith or to harass: (1) whether it was frivolous or undertaken with no reasonably

objective hope of success; (2) whether it was motivated by the defendant's suspect

class or in retaliation for the defendant's exercise of constitutional rights; and (3)

whether it was conducted in such a way as to constitute harassment and an abuse of

prosecutorial discretion, typically through the unjustified and oppressive use of multiple

prosecutions. *Id*. When ***Younger*** abstention otherwise is proper, as it is here, a

plaintiff can avoid abstention by offering "sufficient evidence to demonstrate that the

[state] prosecutions were substantially motivated by a bad faith motive or were brought

to harass." *Id*. at 1068.

The plaintiffs claim they have shown, by statistical evidence, that CEW has an

animus toward conservative groups and pursues selective bad faith prosecutions of

such groups under Colorado law.  The plaintiffs contend also that the Colorado

enforcement action was brought by CEW to retaliate against the plaintiffs for their

political speech.  The CEW complaint to the Colorado Secretary of State, the plaintiffs

claim, is a "pretextual targeting of conservative political speech." *Motion* [#48], p. 5.

Given the decision of the administrative law judge, there is no basis to conclude

that the complaint brought by CEW was frivolous or was undertaken without a

reasonably objective hope of success.  The complaint was found to be valid.  The

plaintiffs claim  CEW targets only conservative political groups.  If so, the plaintiffs

appear to argue, the complaint of CEW against the plaintiff was motivated by retaliation

for political speech.  Based on the CEW website, the plaintiffs claim to show a record of

CEW's efforts to target Republicans with complaints and litigation. *Motion* [#46], Exhibit

D.  As CEW notes, however, this record of the actions of CEW is incomplete.

*Response* [#53], pp. 7 – 10.  Notably, by the measure of the plaintiffs, each of the

plaintiffs has been subject to a complaint initiated by CEW on only one occasion.

*Motion* [#46], Exhibit D.

The evidence cited by the plaintiffs is not sufficient to justify further discovery on

the issue of bad faith or harassment of the plaintiffs by CEW.  Notably, the plaintiffs did

not raise contentions of bad faith or harassment in the state proceedings.  The CEW

complaint at issue here was found to be valid in the state proceeding.  Nothing in the

evidence cited by the parties shows that CEW pursues invalid complaints as a method

of harassment and/or in retaliation for certain types of political speech.  There is no

evidence of unjustified and oppressive multiple complaints by CEW.  In short, the

plaintiffs have not demonstrated a valid basis to conduct additional discovery on the

abstention question.  The motion to defer consideration of the motion to dismiss will be

denied.

## VI. CONCLUSION & ORDERS

In all relevant respects, the administrative proceedings in which the plaintiffs are

involved are of the same nature as the proceedings at issue in ***Dayton Christian***

***Schools***.  Applying the principles stated in ***Sprint*** and ***Dayton Christian Schools***, I

find and conclude that ***Younger*** abstention is required in the present case. Thus, I will

grant the motion to dismiss on ***Younger a***bstention grounds.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Secretary of State's Opposed Rule 12(b)(1) Motion to Dismiss**

**on *Younger* Abstention Grounds** [#40] filed by Defendant Gessler on December 22,

2014, is granted;

11

2.  That under FED. R. CIV. P. 12(b)(1), the claims of plaintiff Rocky Mountain Gun Owners and plaintiff Colorado Campaign For Life are dismissed;

3.  That the **Plaintiffs' Motion to Defer Considering Defendant's Rule 12(b)(1) Motion to Dismiss To Permit Adequate Discovery Regarding Subject Matter Jurisdiction** [#47] is denied;

4.  That judgment shall enter in favor of the defendants, Wayne W. Williams, in his official capacity as Secretary for the State of Colorado, and Citizens for Responsibility and Ethics and Washington, a Delaware non-profit corporation, trading as Colorado Ethics Watch, against the plaintiffs, Rocky Mountain Gun Owners, a Colorado non-profit corporation, and Colorado Campaign for Life,  a Colorado non-profit corporation;

5.  That the defendants are awarded their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That this case is closed.

Dated August 12, 2015, at Denver, Colorado.

**BY THE COURT:**

s/  Robert E. Blackburn
Robert E. Blackburn
United States District Judge